**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-640C
(Filed August 27, 2015)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RON HADDAD, Jr.,**

               Plaintiff,

     v.

**THE UNITED STATES,**

               Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**

AUG 2 7 2015

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On August 3, 2015, the Clerk's office received a document sent by the plaintiff entitled "Necessity Doctrine via Offer of Proof by Notice and Affidavit of Fact of New Evidence Proving Affiant Ron Haddad Jrs.' Claims Legally Totally Correct." The document was not filed at that time because it failed to comply with several of our rules. Under Rule 5.5(d)(2) of the Rules of the United States Court of Federal Claims (RCFC), an original plus two copies must be submitted for filing. Rule 5.5(c)(5) requires papers of 50 or fewer pages to be stapled. RCFC 5.5(c)(5). And RCFC 5.3 requires a proof of service detailing the manner in which the document was served on opposing counsel.[†] On top of this, the document was neither of a type recognizable for filing under our rule, nor accompanied by a motion for leave to file under RCFC 7(b).

Due to the plaintiff's pro se status, the Court would normally overlook such defects in the first instance and allow such a document to be filed (albeit in case No. 15-820C), with the defects called to the plaintiff's attention for future submissions. But in the subject line at the top of Mr. Haddad's paper, he employs an anatomical obscenity in referencing the federal judge who is the topic of the paper. Such language

---

[†] Although the document seems to concern the plaintiff's claims regarding Judge Kendall, which are the subject of a different case pending before this Court (No. 15-820C), the plaintiff placed the number for the above-captioned case on the document. At the time plaintiff submitted the document, government counsel had filed an appearance in case No. 15-640C but not in case No. 15-820C.

falls in the category of "scandalous matter" which would be stricken from a pleading under RCFC 12(f) and, if contained in a brief or memorandum, result in the document being disregarded under RCFC 5.4(a)(1).  *See Skadegaard v. Farrell*, 578 F.Supp. 1209, 1221 (D.N.J. 1984) (construing "scandalous" pleadings under the Rule 12(f) of the Federal Rules of Civil Procedure as those pleadings that "'reflect cruelly' upon defendant's moral character, use 'repulsive language' or 'detract from the dignity of the court.'"); *see also* 2-12 Moore's Federal Practice, § 12.37 (3d ed.).  If the plaintiff wishes to file papers in this proceeding, he must follow the rules of our court, including that the papers be "free of . . . scandalous matter."  RCFC 5.4(a)(1).  The Clerk's office is directed to return this document to the plaintiff.  The Court recommends that Mr. Haddad familiarize himself with our rules, located at http://www.uscfc.uscourts.gov/rules-and-forms.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge